UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PERRY S. HARDESTY, | Civil File No. 07-511 (PAM/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| KEVIN J. GOLDEN,<br>Assistant Dakota Attorney, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, an inmate at the Minnesota Correctional Facility at St. Cloud, Minnesota, commenced this action on January 29, 2007, by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) He did not pay the $350.00 filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he is required to

pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $15.02.

By order dated January 31, 2007, (Docket No. 3), Plaintiff was instructed to pay his initial partial filing fee of $15.02 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

After Plaintiff received the order directing him to pay his initial partial filing fee, he filed a "Response" to the order, (Docket No. 4), which was construed to be a request for an extension of the deadline for satisfying his filing fee obligation. By order dated February 23, 2007, (Docket No. 5), the Court granted an extension of the fee payment deadline, and directed Plaintiff to pay his initial partial filing fee by no later than March 20, 2007. That order also reiterated the Court's prior warning that this action would be subject to summary dismissal if Plaintiff did not pay his initial partial filing fee on time.

The extended deadline for paying the initial partial filing fee has now passed, and Plaintiff still has not tendered any fee payment. Moreover, Plaintiff recently filed a "Notice," (Docket No. 6), which indicates that he does not intend to pay his initial partial filing fee, and that he intends to "re-file this lawsuit" at a later date. Therefore, in accordance with the two prior orders in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v.

<u>Ashlock</u>, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); <u>Link v. Wabash Railroad Co</u>., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 23, 2007         s/Jeanne J. Graham

                              JEANNE J. GRAHAM
                              United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by <u>April 12, 2007</u>. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.